**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | |
| **v.** | § | **No.  A-22-CR-00123-RP** |
| | § | |
| **ISIDRO JARAMILLO,** | § | |
| *Defendant* | § | |

**ORDER**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The reasons for my decision include, in particular:

- the nature and circumstances of the offense charged, particularly the large quantity of methamphetamine seized from Defendant's car and home (in excess of 13 kg);

- the weight of the evidence against the person, namely, the presence of methamphetamine in the car Defendant was driving, and Defendant's then leading law enforcement and directing them to the location of an additional 12 kg of methamphetamine in his home;

1

- the history and characteristics of the person, including his lack of legitimate employment and his significant familial ties to Mexico, including two children who reside there;

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release, particularly, Defendant's possession in his car and home an amount of methamphetamine valued in the many tens of thousands of dollars;

- finally, the operation of the presumption in 18 U.S.C. § 3142(e)(3) that detention is needed because the crime charged is a narcotics offense for which the maximum penalty is ten years or more (which, even when rebutted, remains as a factor for the Court's consideration).

This record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED June 24, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE